# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LILLIAN GUERNSEY, by** | : | No. 3:04cv423 |
| **and through her Conservator,** | : | |
| **THOMAS ITTERLY,** | : | (Judge Munley) |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COUNTRY LIVING PERSONAL** | : | |
| **CARE HOME(S), INC., SHIRLEY D.** | : | |
| **SHERIDAN a/k/a SHIRLEY D.** | : | |
| **SHERRIDAN and SHIRLEY D.** | : | |
| **SHERIDAN a/k/a SHIRLEY D.** | : | |
| **SHERRIDAN d/b/a COUNTRY** | : | |
| **LIVING PERSONAL CARE HOME,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the defendants' motion for partial summary judgment. The plaintiff is Lillian Guernsey by and through her Conservator, Thomas Itterley, ("Guernsey" or "plaintiff") and the defendants are Country Living Personal Care Home(s), Inc., Shirley D. Sheridan a/k/a Shirley d. Sherridan and Shirley D. Sheridan a/k/a Shirley D. Sherridan d/b/a Country Living Person Care Home (collectively referred to as "Country Living" or "defendants"). Guernsey has brought suit to recover damages for a sexual assault that she alleges took place at Country

Living while she was a resident there.  The matter has been fully briefed and is ripe for disposition.

**Background**

The basic background facts are undisputed by the parties.   Defendant Country Living is a Pennsylvania corporation with the designated purpose of operating a personal care home.   The home is located in Nicholson, Wyoming County, Pennsylvania, and its sole owner is Defendant Shirley Sheridan.  (Pl. Ex. A, Sheridan Dep. at 17).  The home first opened in October of 2001 with Laura Wickizer as the designated administrator.  (Pl. Ex. C, Wickizer Dep. at 24, 31).  Wickizer is licensed by the Pennsylvania Department of Public Welfare as a personal care home administrator.  (Pl. Ex. C, Wickizer Dep. at 13).

Plaintiff Lillian Guernsey was a resident of Country Living in Nicholson, Pennsylvania.  At the relevant time, she was eighty-six years of age, and had suffered from moderate dementia since at least August 2000.   Beginning on October 26, 2001, Daniel Statham also resided at Country Living.  Statham, a thirty-one year old man, was on probation after serving six years in prison for aggravated indecent assault. Statham is mentally retarded.  (Pl. Ex. C, Wickizer Dep. at 27-28).   He was on probation for six months for failing to provide his probation office with an address in violation of "Megan's Law."  (Def. Ex. L, Moser Dep. at 33-34, 43).  Statham moved

into the facility in October of 2001. On February 27, 2002, he sexually assaulted Plaintiff Guernsey.

Subsequently, plaintiff filed the instant complaint alleging the following four counts: 1) Negligence (against all defendants) in, *inter alia,* failing to protect the plaintiff and properly supervise her and Statham, 2) Negligence against Shirley Sheridan individually; 3) Negligence, vicarious liability, against all defendants; and 4) Negligence, independent liability, against the businesses. (See Doc. 1, Compl.) Plaintiff seeks both compensatory and punitive damages. Defendants have moved for partial summary judgment. They seek judgment on the punitive damages claim and the independent liability claim against the businesses.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)

(emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. <u>International Raw Materials, Ltd. v. Stauffer Chemical Co.</u>, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. <u>Id.</u> Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. <u>Id.</u> at 324.

**Discussion**

Defendants move for judgment on plaintiff's claim for punitive damages and on Count Four for independent liability against the businesses. We will address these issues separately.

**I. Punitive Damages**

Each count of plaintiff's complaint contains a claim for punitive damages. Defendants assert that the evidence of record does not support a claim for punitive damages. After a careful review, we disagree with the defendants and shall deny summary judgment on the punitive damages claims.

> The standard governing the award of punitive damages in Pennsylvania is settled. Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. . . . [W]hen assessing the propriety of the imposition of punitive damages, [t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious.

Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005) (internal quotation marks and citations omitted).

Moreover, "in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Id. at 772.

Plaintiff's position is that the defendants acted with reckless indifference to her rights. Plaintiff asserts that the defendants were aware that Daniel Statham had been convicted of a sex crime before the attack on plaintiff. The record, in fact, contains

5

evidence from which the jury could conclude that the defendants were aware of Statham's history. (See, e.g., Pl. Ex. J, Hardy Dep. at 11; Pl. Ex. C, Wickizer Dep. at 38). Plaintiff asserts that despite this knowledge, defendants did nothing to further investigate Statham's background, revisit the issue as to whether he was an appropriate candidate for their personal care home, or take steps to protect plaintiff, a defenseless eighty-six year old woman with diminished mental capacity. Additionally, they did not report the assault upon the plaintiff to authorities in a timely manner even after Statham admitted it, and they failed to provide timely medical attention. We find that this evidence, if credited by the jury, could rise to the level of reckless indifference to justify the imposition of punitive damages. Accordingly, summary judgment will not be granted to the defendant on the punitive damages claims.

## II. Independent Liability

Count IV of plaintiff's complaint seeks to hold Country Living independently liable for plaintiff's damages. Defendants have moved for judgment on this count asserting that the facts of record do not support an independent liability claim against Country Living. After a careful review, we agree.

Independent liability, or corporate negligence, is a doctrine under which a **hospital** is liable if it fails to uphold the proper standard of care owed to a patient, which is to ensure the patient's safety and well-being while hospitalized. Under this

theory, a hospital owes a non-delegable duty directly to the patient. Thompson v. Nason Hosp., 591 A.2d 703 (Pa. 1991). Defendants' argument is that personal care homes are not hospitals in that they do not provide health care services; therefore, they are not subject to independent liability or "corporate negligence" claims.

Plaintiff's position is that the Pennsylvania Supreme Court has extended the corporate negligence theory to include not only hospitals but also HMO's. Their reasoning is that HMO's play a central role in the total healthcare of their subscribers. Shannon v. McNulty, 718 A.2d 828 (Pa. Super. Ct. 1998). Plaintiff argues this theory of liability should therefore be extended to personal care homes as they also provide for the healthcare of their residents.

In support of her position, plaintiff cites Young v. Manor Care Health Services, Inc., 2004 WL 953869 (E.D. Pa. 2004), a case where the United States Court for the Eastern District of Pennsylvania held that it is conceivable that a nursing home could be responsible for a resident's "total healthcare" and corporate negligence could apply. Young, however, was dealing with a motion to dismiss. The court was speaking in the abstract when it discussed the fact that a nursing home could possibly be held liable under the corporate negligence theory. The standard for a motion to dismiss is much more liberal than the summary judgment standard. At this stage, the plaintiff must produce evidence that Country Living was responsible for Guernsey's

total healthcare.  Plaintiff has not presented such evidence.

The evidence examined in Shannon, which extended corporate liability to HMO's indicated that HMO's involve themselves in many of their subscribers health care decisions.  As a result HMO's "affect the length of hospital stays, restrict the use of specialists, prohibit or limit post hospital care, restrict access to therapy or prevent rendering emergency case." Shannon, 718 A.2d at 835.

Plaintiff has not presented evidence that the defendants were involved in plaintiff's healthcare in the instant case.  Plaintiff's position is that a comprehensive regulatory scheme governs the conduct of personal care homes, and corporate negligence should apply. We disagree.  Based upon the cases cited above, to determine if corporate negligence applies, the Pennsylvania courts examine the role that the institution plays in the healthcare of the individual, not whether the institution is subject to a regulatory scheme.  In the instant case, plaintiff has not presented evidence that the personal care home was responsible for plaintiff's total healthcare.   If any healthcare was needed they had simply to call a doctor or hospital.  Therefore, we find that the defendants were not central to plaintiff's healthcare.  Accordingly, corporate negligence does not apply.

**Conclusion**

For the foregoing reasons, the defendants' motion for summary judgment will

be granted in part and denied in part.  It will be denied with respect to punitive damages and granted with respect to corporate negligence.  Therefore, remaining in the case are plaintiffs claims for: 1) Negligence (against all defendants) in, *inter alia,* failing to protect the plaintiff and properly supervise her and Statham,  2)  Negligence against Shirley Sheridan individually; and 3) Negligence, vicarious liability, against all defendants.  In addition, the punitive damages claim remains in each count.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LILLIAN GUERNSEY, by** | : | No. 3:04cv423 |
| **and through her Conservator,** | : | |
| **THOMAS ITTERLY,** | : | (Judge Munley) |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COUNTRY LIVING PERSONAL** | : | |
| **CARE HOME(S), INC., SHIRLEY D.** | : | |
| **SHERIDAN a/k/a SHIRLEY D.** | : | |
| **SHERRIDAN and SHIRLEY D.** | : | |
| **SHERIDAN a/k/a SHIRLEY D.** | : | |
| **SHERRIDAN d/b/a COUNTRY** | : | |
| **LIVING PERSONAL CARE HOME,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 26th day of October 2005, the defendants' motion for summary judgment (Doc. 64) is **GRANTED** with respect to the plaintiff's claim of independent liability. The motion is **DENIED** in all other respects.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**